Good morning, Lynn Balfour, Mr. Tran. This is, I guess we're going to beat this Rule 11 horse. Today, huh? Good old Rule 11. I'm going to talk basically about Rule 11 during my ten minutes because I'm certainly not conceding any of the other points that I raised in my brief. Understood. But I believe that the Rule 11 issue here is the most important. As I pointed out in my brief, the trial judge basically missed on six of the ten primary areas of Rule 11. It was very short shrift. One important was he didn't say anything about a right to testify. He didn't say anything about a right to subpoena witnesses. He certainly did not tell the possible maximum sentence, which in this case was the minimum sentence. Mr. Tran, if I remember correctly, changed his plea after the trial had started and after the government had already presented a witness. The second day, about a third of the way through the second day. Right. It already began to present evidence. Yes, sir. And then he changed it. He decided he didn't want to put the jurors through it. He decided that he was going to go ahead and plead guilty. Correct. So there's quite a record here about what he knew by that time. Isn't that right? Oh, yes, sir. Yes. I think as a lawyer. For example, the judge didn't say he had the right to be represented by counsel, but he was represented by counsel. He surely knew that. I agree. I'm not – I'm stressing in this particular argument, Your Honor, the Rule 11 argument is he wasn't told properly what the maximum sentence is, which was 150 years. He wasn't told properly. He was told 30 years, $250,000 on each count, right? As I read the transcript. I think he was told 30 years on each count. 30 years on each count and $250,000 on each count. Yes, he was told that. And he had five counts. Correct. He was not told. So why is that not 150 years and $250,000? It is, but I don't think that you're telling a person in actual words that he's subject to 150 years if you just say 30 years on each count. Well, haven't we already said that if you know what you're going to get for each sentence, you don't need to say that it can be consecutive? We've already said that in a case already, haven't we? You have. Yes, Your Honor. So I guess I'm having trouble with that one especially. Well, there's also the issue about the Rule 11 says that you have to tell what the any mandatory minimum. The judge did say you get 15 years on mandatory minimum, but of course that would be 15 years for each count. And the judge did not specify that if you look at the record carefully. If Mr. Tron had been sentenced to 30 years rather than 35, would you have any complaint about the failure to aggregate the numbers? I would have about the numbers. Probably not about the numbers if he'd only been sentenced to 30 years, no. But I don't think that's really the big Rule 11 violation in this case, Your Honor. I think the big Rule 11 violation is the problem of not really having an adequate colloquy with Mr. Tran regarding the factual basis. And the reason I say that is the way that they the way that the factual basis was determined was basically the indictment was read out and then the judge. Well, the judge read an opening statement, correct? I'm sorry? The judge heard an opening statement at the time of the trial. I would assume so, Your Honor. Yes, of course. Didn't the government lay out its case? I would suspect so. I don't know that I had the opening statement transcribed. I can't recall. I don't think I did. Well, there was an opening statement, right? Yes, of course. And the government stood up there and said, this is what we intend to prove? I would, yes. I would absolutely have to assume that they did, yes. Okay. Didn't you proffer a factual basis for the plea at the time of the change of plea? I wasn't the trial lawyer, Your Honor. Oh, sorry. I thought you were based on the answers you gave to my colleague. Well, I'm assuming. I don't believe that I can't recall off the top of my head. I don't believe that I had the opening statements transcribed. No, but as I understand it. No, at the time of the plea. We're talking the plea now. So let's just move on to the plea. What happened at the plea? The defendant's attorney proffered a factual basis for the plea at the time of the change of plea. Yes, he did. But my argument is I don't think it was adequate. It just strikes me that all it was, it just followed the indictment. So then it's a striking thing? I mean, my worry is I read it. I read it. I said to myself, okay, there's a factual basis for this plea. The defendant was right there. He heard it. The primary reason. Not only that, but the court had reviewed the pre-sentence report, right? Yes, sir. I'm assuming the court. And he'd heard witness testimony for two days of trial. Yes, sir. And he had the defendant's letters apologizing for the conduct. Yes. And with all of that, he didn't have any factual basis? I don't think that he adequately. I think what I'm talking about is there's a case that I referred to in my reply brief called Ben's. And in that Ben's case, there was a case called Pena, where this Court found that unless there is a sufficient colloquy with the defendant to determine whether or not the defendant is making a voluntary and intelligent plea, then that is not determined, getting an actual factual basis. As I understand Rule 11b-3, the district court must determine there's a factual basis for the plea before entering judgment. Factual basis must be determined by inquiry of the defendant or the attorney for the government or by examining the pre-sentence report or otherwise. That's in the advisory committee note. I read it. Yes, sir. Then I said to myself, okay, I got to look at this. What did the defendant say? What did the attorney say? What did the pre-sentence report say? Okay. The defendant proffered the factual basis. The court had the pre-sentence report. There's another way he could get the factual basis. He heard witness testimony for two days. There's another way or otherwise. And he had the defendant's letters apologizing for the conduct. There's another basis right from the defendant. I'm having a tough time seeing why 11b-3 wasn't honored to the fullest extent. If you look at U.S. v. Pena, which is 314 Fed 3rd 1152, which is cited in the case I mentioned in my reply brief to Vins, basically, that case stands for the proposition that the court must engage in a colloquy with the defendant to make sure he understands what the case is. Well, I mean, you know, it would be ideal if every judge asked the defendant, what did you do and why are you pleading guilty? Right. I mean, but you don't have to do that. Rule 11 doesn't require that. Well, I'm just citing Pena with regard to what this Court has held in that particular case, and it does seem to say that that's what you are supposed to do. The other problem with this case is that you mentioned the packet of information that the defendant gave to the court at the time of sentencing, and it indicates basically he essentially said, look, I didn't know what I was doing, I was drugged, I didn't know that this information was on, that this stuff was on my hard drive. That would seem to me to indicate that at the particular time, I mean, if the Court would have made any kind of inquiry to the defendant and the defendant brought this up, then the plea shouldn't have been accepted at the time. Okay. I guess I'm having a tough time with that, especially after the defendant's own attorney got up and proffered the factual basis. And the defendant had, the Court had the pre-sentence report right in front of him. He had the witness testimony for two days. And now the defendant sends him letters and apologizes for what he did and said, well, I wish I hadn't have done this and that and the other. I'm still, when I look at factual basis to take the plea, I hate to reemphasize it because I'm not trying to argue with you that. I'm trying to get stuff out of you. But give me some more stuff to help you because I can't find it. Well, let me ask you this. Did he really have the fact that the probation officer's pre-sentence report at the time he took the plea during the midway of the trial? No. No, there's no pre-sentence report at that point in time. No, of course not. But at the time of sentencing, of course, there is. But when he took the plea, he didn't have that. Oh, no, of course not. No. None of that. Thank you. He did have the evidence at trial. And I'm looking through the trial transcript. Had the government introduced enough evidence at that point to make a prima facie case? I don't believe so. I don't think so. Well, I don't think so because what happened was that the actual videos were never introduced. That was supposedly the reason why the defendant wanted to plead wealthy at that particular time was because he didn't want the jury to see these dirty videos. And so those videos had not been introduced. You know, one of the common ways in which the government establishes or provides the court with a factual basis, one, it's either contained in the plea agreement where it's all laid out, or, two, the government's attorney will stand up and say, the court will ask the government, okay, if this case were to go to trial, what would you prove? And they go through the litany of facts and whatnot.    And that's what the government does on a factual basis. And then they usually ask the defendant, do you disagree with anything the government has said? Correct. And usually they say, oh, no, I agree with everything. Thousands of times. Right. That's the way it's usually done. And here, I mean, while it wasn't done exactly like that, the record does reflect that. I mean, there wasn't anything stated by the government. He said X, Y, and Z about this case. We don't know exactly what it was, but the record, I mean, it seems pretty clear that that's what happened. There's the evidence that presented at trial. And then, you know, maybe the only thing that's missing here, if anything, and I don't even think it's that serious, is to ask the defendant, is there anything you disagree with about what happened here and what was presented? I mean, he does, when the judge does go over the plea, takes the plea, he does make reference to the various chart, the specific facts that were alleged in the indictment. Correct. I realize that. But after the defendant, if you read the statement that the defendant gave at sentencing, it's pretty clear that he didn't really think he was guilty of this. Well, okay. Thank you. We'll hear from the government. Good morning, Your Honors. Alessandra Strano on behalf of the United States. I'm going to submit on the arguments I set forth in my brief on the first issue regarding the constitutionality of the statute, and I'll address my comments on the Rule 11 claims. There was no plain error with this Rule 11 colloquy. We understand that Judge Whalen did not go through each and every one of the Rule 11 rights. However, if you look at the totality of the evidence, including the judge hearing the evidence, and just to make the record clear, the judge did see at least one of the videos, as did the jury. That's at SCR 142 through 145, and that's when Mr. Tran decided to stop and chose to plead guilty. Looking at everything, there was no plain error. It was very clear that Mr. Tran wanted to plead guilty, and in fact, in his opening brief and reply brief, still wants to plead guilty. What he would ask this Court to do is to send the case back for him to plead guilty again, so there's no evidence that, but for the errors or the omissions that Judge Whalen did in the Rule 11, that he would not plead guilty. And I think the Supreme Court in the Benitez case says that it's a heavy burden that the defendant must meet, and it's not met here. Well, are we really talking plain error review if it's a structural problem? It would not be a plain error review if there's a structural problem, but I don't think there are any allegations that there's a structural error. I thought that's what the Tran is arguing in his reply brief, that there was, in fact, I quote, Well, that is, it's my understanding he's raising the reply brief, but as Your Honor mentioned in the previous argument, it's only structural that there was not a knowing and voluntarily plea made. And I think, again, here, Mr. Tran stops the trial, his attorney stops the trial, he pleads guilty, he sends the letters admitting his guilt, he tries to use some justification or defense or explanation as to why he created these videos and why he was in these videos, but there's no evidence that he did not and does not want to continue with his guilty plea. I'm like Judge Smith. I don't want to lecture you or give you a rough time, but you're the second person from your office in a row that we've had on this. We seem to have an epidemic of incomplete Rule 11 colloquies in your district. Can't you help us on this? Doesn't your office have an obligation? My experience in different jurisdictions is that assisting U.S. attorneys when pleas are taken walk up to the podium with a copy of Rule 11 in their hand and say, Judge, oops, you forgot this. We should have mentioned that. And the judge says, you're right, thank you, and says it. Please, I don't know if that has any effect on this case, but I urge your office to start doing that. I will certainly convey that. And not that it makes a difference, but I was not the trial counsel in the Tran case. It was my colleague. But, yes, I will certainly bring that up. No personal fault being assigned. I'm just this is a hortatory lecture. The district judges can't be that intimidating that the U.S. attorneys, the assistant U.S. attorneys can't just say, hey, Judge, you know. Not many of them. No, I'm kidding. You know. No, certainly I think that our office has a good relationship with the bench there and we can certainly bring it up. For someone like Judge Whalen, who's been a district judge longer than I've been practicing law, it might be. No, it doesn't make any difference. You know, judges get busy. They have other things on their mind and they've got other cases. They've got other cases to worry about. Absolutely. They just want to move on and get on to the next case, and they don't pay attention to the all the detail that's required. And, you know, it just happens. I mean, you know, people, those things happen. But there's easy ways to correct them. Correct. Yes. To not let it happen, not to let it become an issue, an unnecessary issue on appeal. I certainly agree with that. And, yes, there's no reason why we can't go in there with a list, a checklist to make sure that the district judge or, in many cases in our district, the magistrate judges take our, take the guilty plea. That may be what it counts with. That's right. I'm not making any comment on that. That's right. In Los Angeles, in the central district, I took my own. For years, I had to take my own pleas. And I had a checklist and everything else and had to go through the colloquy      For years, I had to take my own pleas. And I always ask the U.S. attorneys, Ms. U.S. attorney, did I forget anything? A large part of the guilty pleas are taken by the magistrate. That's right. I forgot about that. Your Honor, that, yes. That account, that answers a lot. They have a book, and you can see them. So that's all the more reason, when you think the district court judge is going to take a plea, that you should go in there well-prepared to make sure that he or she does it correctly. I will make sure I tell every district judge that Your Honor told them to. Feel free. Judge Pius said we should, you know, Judge Hurwitz and Judge Smith all said. I will do that. And then with regard to the sentencing, Mr. Tran received a reasonable sentence that there's no indication that the district court didn't address all the 3553A factors, and he certainly got less than what the guidelines called for. His guidelines were life. He received a 35-year sentence, which was a substantial departure variance downward from certainly what probation was asking for. It is life. That's what he argues. That is life. Yes. 35 years. But he didn't take into consideration the age, because his age is 55, right? His age was 58 at the time of the sentencing, and Mr. Tran did tell Judge Whalen that before Judge Whalen imposed the sentence. The pre-sentence report was correct with his date of birth. There was some errors in the defense sentencing memorandum, and the judge looked at the sentencing memorandum and repeated 58, but at least there is evidence in the record. Number one, it's in the pre-sentence report as true age. And second, Mr. Tran, during his comments, during the sentencing hearing, did tell the judge his true age. Did the court take his personal situation into account then when giving the sentence? With regard to? His age. I believe the record is clear that he did take all of that into account. He accounted for his criminal history, his multiple felony convictions. We're on age. I'm sorry? We are on age. Yes. What did he say about age? There was no he did make a slip or he did comment. I don't want to characterize it as a slip, but he did repeat back that he was that Mr. Tran was 55 years of age. As I argued in my brief, I think that is a minor slip that doesn't really address. It's not like he thought he was 32 years old, but he was really 58 years old. It was a three-year difference. Okay. Unless the Court has any questions, I'm prepared to see them. Thank you. Thank you, counsel. We appreciate your arguments. I think we used all your time. Thank you. The matter will be submitted and have a safe trip back down to San Diego. And that will end our session for today. Thank you very much. Thank you.
judges: Paez, Smith, Hurwitz